# Supreme Court of Florida

––––––––––

No. SC21-1598

––––––––––

## IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE—FORM 1.997.

December 16, 2021

PER CURIAM.

On its own motion, the Court amends form 1.997 (Civil Cover Sheet) of the Florida Rules of Civil Procedure. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

On January 21, 2021, the Court amended Florida Rule of General Practice and Judicial Administration 2.420(d) (Procedures for Determining Confidentiality of Court Records) "to eliminate the requirement that the clerk of court independently designate as confidential information filed in certain civil cases." *In re Amend. to Fla. Rule of Jud. Admin. 2.420*, 320 So. 3d 626, 626 (Fla. 2021). However, "[t]he only civil cases to which this new rule applies are civil case types originating in the circuit, county, or small claims

courts (identified by the Court Type Designators CA, CC, and SC in the uniform case numbering system), except those case types listed as 'Viewable on Request' in the Standards for Access to Electronic Court Records and Access Security Matrix." *Id.* at 627 (footnotes omitted). And in its opinion adopting the amendments, the Court explained that currently "the Access Security Matrix identifies the following case types as Viewable on Request: 'County Criminal Appeals Sexual Abuse,' 'Jimmy Ryce Act,' 'Circuit Civil Private (Sexual Abuse & Medical Malpractice),' 'Felony – sexual cases,' 'Sexual Violence,' 'Extradition,' 'Misdemeanor – sexual cases,' and 'Misdemeanor-Misc.' " *Id.* n.3.

After adopting the amendments, this Court published them for comment. The Court declined to further amend rule 2.420 in response to the comments, and new rule 2.420 became effective July 1, 2021. However, in the case amending rule 2.420, the Florida Association of Court Clerks and Comptrollers requested that form 1.997 of the Florida Rules of Civil Procedure be revised to assist clerks in identifying civil sexual abuse cases as requiring continued redaction under rule 2.420.

Accordingly, we now amend form 1.997 to assist clerks in identifying these sexual abuse cases for continued redaction. Specifically, we add a question to form 1.997 asking whether the case involves allegations of sexual abuse. The instructions for the form are likewise amended.

The Florida Rules of Civil Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendments shall become effective on April 1, 2022, at 12:01 a.m. Because the amendments were not published for comment previously, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[1]

---

1. All comments must be filed with the Court on or before March 1, 2022, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk,

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

---

500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

## FORM 1.997.  CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.**     [NO CHANGE]

**II.**    [NO CHANGE]

**III.**   [NO CHANGE]

**IV.**   [NO CHANGE]

**V.**    [NO CHANGE]

**VI.**   [NO CHANGE]

**VII.**  [NO CHANGE]

**VIII.** [NO CHANGE]

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ____ yes
        ____ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of General Practice and Judicial Administration 2.425.

Signature _____ Fla. Bar # _____
              Attorney or party               (Bar # if attorney)

_____
(type or print name)               Date

## FORM 1.997. INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET

Plaintiff must file this cover sheet with the first document filed in the action or proceeding (except small claims cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I.** [NO CHANGE]

**II.** [NO CHANGE]

**III.** [NO CHANGE]

**IV.** [NO CHANGE]

**V.** [NO CHANGE]

**VI.** [NO CHANGE]

**VII.** [NO CHANGE]

**VIII.** [NO CHANGE]

**IX. Sexual Abuse.** Place an "X" on the appropriate line.

ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet, **and has**

**read and complied with the requirements of Florida Rule of General Practice and Judicial Administration 2.425.**